SO ORDERED.

DONE and SIGNED September 3, 2014.



_____
**JEFFREY P. NORMAN**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 14-80420 |
| Marvin Ray Lachney | § | |
| | § | Chapter 13 |
| Debtor | § | |

## MEMORANDUM ORDER

This case presents issues regarding tax returns that are common to Chapter 13 cases in this division. These issues include (1) is the filing of federal or state income tax return(s) a condition for confirmation of a Chapter 13 plan, (2) if the filing of a federal or state tax return(s) is a condition for the confirmation of a Chapter 13 plan when must the tax return be filed, (3) what is the remedy if the debtor fails to file a federal of state tax return prior to a confirmation hearing.

## FINDINGS OF FACT

The debtor, Marvin Ray Lachney, filed a Chapter 13 on April 17, 2014.

1

As of the date of the Meeting of Creditors, June 30, 2014, the debtor had not filed his 2013 federal tax return.

The 341 meeting was held and concluded on June 30, 2014.

After the 341 meeting was concluded the Chapter 13 Trustee filed a Motion to Dismiss Case for the debtor not filing his 2013 federal income tax return. Additionally post 341 meeting the Chapter 13 Trustee objected to confirmation of the debtor's Chapter 13 plan based on the non-filing of that same 2013 federal income tax return.

As of the confirmation hearing the 2013 federal income tax had not been filed. A previous request by the Chapter 13 Trustee and debtor sought a continuance of 30 days from the confirmation hearing to have the debtor file the missing federal income tax return. That request for a continuance was denied by the Court and a hearing was held.

## CONCLUSIONS OF LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1334 and by virtue of the reference of the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (L).

"The scattered legislative history of BAPCPA seems to indicate that, from the beginning of BAPCPA's long journey to enactment, Congress intended to require debtors to file their tax returns as a condition of confirmation." *In re French*, 354 B.R.258, 260 (Bankr. E.D Wis. 2006)

As the Northern District of Ohio stated in *In re Perry*, 389 B.R. 62, 65 (Bankr. N.D. Ohio, 2008) "…"BAPCPA expresses the Congressional intent that it is "important to demand that debtor's file tax returns" to assist state revenue agencies to determine whether they had claims against the debtor and to "punish those debtors who were delinquent in filing tax returns" by withholding the benefits of Chapter 13." *In re McCluney*, Case No. 06-21175, 207 Bankr. LEXIS

2088, *4 (Bankr. D. Kan. 2007)(quoting *In re French*, 354, B.R. 258, 260-261 (Bankr. E.D. Wis. 2006), citing H. R.Rep. No. 108-40, pt. 1 (2003) and H.R.Rep. No. 109-31, pt.1 (2005)).""

"The statutory language of § 1308(a) "defines the tax returns which must be filed; and it establishes time limits for their filing". Id. at *9. Section 1308(a) specifically requires that applicable prepetition tax returns are to be filed prior to the first meeting of creditors. *11 U.S.C. 1308(a).* This provision applies to all Chapter 13 debtors.  The only exceptions are where the trustee holds open the first meeting of creditors to allow the debtor additional time to file any unfiled returns or where extended by the Court pursuant to § 1308(b)(2)(A) or (B). *11 U.S.C. 1308(b)." Perry at 65*

"When one reads § 1308(b)(2)(B) -- dealing with not-yet-delinquent returns -- in conjunction with § 1308(a), it becomes clear that Congress intended to make the filing of tax returns a condition of confirmation. For those debtors who file for Chapter 13 protection between January 1 and April 15 of any given year, Congress intended to require them to have their return for the prior year filed by the date first scheduled for the meeting of creditors, *even if* the return is not yet delinquent under the tax code." *French* at 263

"Although the Debtor may view this as a harsh penalty, the Court must construe a statute according to its unambiguous terms. Under the circumstances of this case, failure to comply with § 1308 results in case dismissal pursuant to § 1307(e)." *Perry* at 65-66

The Court therefore holds that the debtor was required to file all outstanding tax returns prior to a Chapter 13 plan confirmation hearing and did not.  The due date for all outstanding tax returns to be filed in a Chapter 13 is the date first scheduled for the meeting of creditors, even if the return is not yet delinquent under the tax code.  The only extensions allowed are where the Chapter 13 trustee holds open the first meeting of creditors to allow the debtor additional time to

3

file any unfiled returns or where extended by the Court pursuant to 11 U.S.C. § 1308(b)(2)(A) or (B). Therefore the failure to comply with the Bankruptcy Code by not filing federal or state tax returns prior the date first scheduled for the meeting of creditors results in dismissal of the Chapter 13 case.

The Court is cognizant that the debtor's failure to timely file tax returns is often not ruled on by the Court until a plan confirmation hearing. It is also aware that this is not an uncommon occurrence in Chapter 13 cases in this division. Often a debtor will cure the non-filing of a federal or state income tax return after the date they are required to be filed (the date first scheduled for the meeting of creditors) but before and/or at the scheduled confirmation hearing.

The Court is unwilling to grant any extension past the first scheduled confirmation hearing for the filing of all federal and state income tax returns that are due. Failure to file the required returns prior to that time will lead to dismissal. Most courts have held that the court has no discretion if a party has requested dismissal or conversion for failure to file required tax returns. *In re Chassie*, 2011 WL 133007 (Bankr. D. Mass. 2011); *In re Broussard*, 2009 WL 1531817 (Bankr. W.D. La. 2009); *In re Kuhar*, 391 B.R. 733, 739, 101 A.F.T.R.2d 2008-2707 (Bankr. E.D. Pa. 2008); *In re Perry*, 389 B.R. 62, 101 A.F.T.R.2d 2008-2295 (Bankr. N.D. Ohio 2008); *In re McCluney*, 2007 WL 2219112 (Bankr. D. Kan. 2007).

The Chapter 13 Trustee may choose to accept returns filed between the statutory due date and the first confirmation date but is not so obligated. The Court will not dismiss a case prior to a confirmation hearing unless specifically requested but will not allow any extension of the time to file tax returns past the first scheduled confirmation date of a Chapter 13 case.

4

It is therefore ORDERED that this case is dismissed with prejudice under 11 USC § 109(g) for failure of the debtor(s) to file the 2013 federal income tax return prior to the schedule plan confirmation hearing.

# # #